UNITED STATES of America, Plaintiff–Appellee,

v.

David MARTINEZ, Defendant–Appellant.

No. 10–13787
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Aug. 16, 2011.

---

Anne R. Schultz, Wifredo A. Ferrer, U.S. Attorney, William C. Healy, Christopher Parente, Kathleen M. Salyer, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Gail M. Stage, Federal Public Defender's Office, Ft., Lauderdale, FL, Kathleen M. Williams, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Defendant–Appellant.

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

David Martinez appeals his sentence of 48 months of imprisonment for conspiring to use unauthorized access devices, 18 U.S.C. § 1029(b)(2), possessing device-making equipment, *id.* § 1029(a)(4), and aggravated identity theft, *id.* § 1028A(a)(1). Martinez argues that the district court could not enhance by two points his base offense level for possessing device-making equipment, *see* United States Sentencing Guidelines Manual § 2B1.1(b)(10)(A)(i) (2009), because that misconduct was accounted for in his sentence for aggravated identity theft. We affirm.

The district court did not err by adding two points to Martinez's base offense level. A defendant convicted of aggravated identity theft cannot be sentenced for that offense and a "specific offense characteristic for the transfer, possession, or use of a means of identification," *id.* § 2B1.6 cmt. n. 2, which includes any "telecommunication identifying information or access device (as defined in section 1029(e)[ (1) and (11)] )," 18 U.S.C. § 1028(d)(7). Martinez possessed a piece of "device-making equipment" called a "scanning receiver," U.S.S.G. § 2B1.1(b)(10)(A)(i) & cmt. n. 9 (A). The aggravated identity theft statute punishes the "transfer[ ], possess[ion], or use[ ], without lawful authority, [of] a means of identification of another." 18 U.S.C. § 1028A(a)(1). Because neither a piece of "device-making equipment" nor a "scanning receiver" constitute a means of identification, the district court could enhance Martinez's sentence for possessing a credit card skimming device.

We **AFFIRM** Martinez's sentence.